IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTONIO DWIGHT DICKSON, 1247952, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:06-CV-1832-G |
| ) | ECF |
| NATHANIEL QUARTERMAN, Director ) | |
| Texas Department of Criminal Justice, ) | |
| Correctional Institutions Division ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.    NATURE OF THE CASE**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). He filed this writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent Nathaniel Quarterman is Director of the TDCJ-CID.

**II.    PROCEDURAL BACKGROUND**

Petitioner plead *nolo contendere* to aggravated assault. *State of Texas v. Antonio Dwight Dickson*, No. F-0273435-P (203rd Jud. Dist. Ct., Dallas County, Tex., Jan. 9, 2003). The court

deferred adjudication of Petitioner's guilt and placed Petitioner on five years deferred adjudication probation. On April 27, 2004, the court revoked Petitioner's probation, adjudicated him guilty, and sentenced him to ten years confinement.

On December 16, 2005, the Fifth District Court of Appeals affirmed Petitioner's conviction. *Dickson v. State*, No. 05-04-00169-CR (Tex. App. – Dallas, Dec. 16, 2005, pet. ref'd.). On March 8, 2006, the Court of Criminal Appeals denied Petitioner's petition for discretionary review.

On June 28, 2004, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Dickson*, No. 65,041-02. On August 30, 2006, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On September 29, 2006, Petitioner filed this federal petition. He argues that he received ineffective assistance of counsel during the punishment phase of his revocation hearing because counsel failed to: (1) challenge the sufficiency of the evidence; and (2) object to the court's finding that the enhancement paragraph was true.

### III.   DISCUSSION

**1.   Standard of review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d)   An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2049 (1997). The petition in this case is subject to review under the AEDPA.

**2. Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Id*. at 687. In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner argues his counsel was ineffective at the revocation hearing because counsel failed to: (1) object that the evidence was insufficient to support an aggravated assault conviction; and (2) object to the court's finding that the enhancement paragraph was true.

Prior to being placed on deferred adjudication probation Petitioner entered a plea of *nolo contendere* to the charges. (Clerk's Record at 20). He also signed a judicial confession which states:

> I did unlawfully then and there intentionally and knowingly threaten ELNITH WATKINS, with immediate bodily injury, and said defendant did use and exhibit a deadly weapon to-wit: a firearm, during the commission of the assault.

(*Id*. at 22).

Further, at the time Petitioner entered his plea to the aggravated assault charges, he also pled true to the enhancement paragraph. (Clerk's Record at 20).

Finally, at the plea hearing, Petitioner testified as follows:

DEFENSE COUNSEL: And are you entering this plea of guilty to these allegations because you are guilty?[1]

---

[1] The Court clarified that Petitioner pled "no contest," rather than guilty. (Plea Tr. at 10).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 4**

| | | |
|---|---|---|
| PETITIONER: | | Yes, sir. |
| DEFENSE COUNSEL: | | Are you also entering a plea of true that you're the same person that was convicted in that aggravated offense that we talked about on the second paragraph? |
| PETITIONER: | | Yes, sir. |

(Plea Tr. at 9).

Petitioner has stated no basis upon which his counsel could have made a non-frivolous objection based either on insufficiency of the evidence, or the validity of the enhancement paragraph. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (finding defense counsel is not required to file frivolous motions). Petitioner's ineffective assistance of counsel claims should be denied.

**3.    Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

For the foregoing reasons, the petition should be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 15TH day of January, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).